**W. Sterling EVANS, Clerk, Salt Lake County, Plaintiff and Appellant,**

v.

**Geraldine CHRISTENSEN, Warren D. Cole, Wayne J. Gunderson, E. LaMar Johnson, Martin J. Pezely and Gail Bench, Defendants and Respondents.**

**No. 15973.**

Supreme Court of Utah.

Aug. 11, 1978.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Carman E. Kipp and D. Gary Christian of Kipp & Christian, R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, Martin J. Pezely, Midvale, for defendants and respondents.

PER CURIAM:

On appeal is a summary judgment which holds defendants all reside within the county precinct, within which they seek county office, and are therefore entitled to have their names appear on the primary election ballot. We affirm. No costs awarded. All statutory references are to U.C.A.1953.

The primary issue in this action is whether the respondents reside within the area of Salt Lake County designated by the Board of County Commissioners, as a precinct, for the purpose of electing Justices of the Peace and Constables.

All the defendants reside in a city or town, and all but one hold (by appointment) the office of a municipal justice of the peace. The cities and towns in which defendants reside are all situated within the geographical boundaries of areas designated by the Board of County Commissioners as precincts. The basic issue then is wheth-

er the appointment to the office of municipal justice of the peace, or residence within a city or town located within a precinct, precludes a person who is a resident of that municipality, from running for the office of the county precinct justice of the peace. We conclude that holding the office of a municipal justice of the peace in a city or town located within a legally designated precinct, or maintaining residence within such city or town, does not preclude a person from running for the office of the county precinct justice of the peace.

Article XI, Section 1, Constitution of Utah, recognizes the precinct as a legal subdivision of the county, and not of the city or municipality. 17–16–5 empowers the county to create precincts. No such power is given to cities or municipalities.

The claim is made that the appointment of a municipal justice of the peace, ipso facto, creates a precinct; the boundaries of which coincide with those of the municipality. We find no support for this claim in the Constitution, or the statutes. Indeed, in 78–5–32 the legislature has delineated two classifications of justices of the peace, viz., those holding office in county precincts, duly created by county commissions, and called county justices of the peace; and those holding office in municipalities, being called municipal justices of the peace. The statute goes on to say one person may hold both the offices of county, and city or town, justice of the peace.

17–16–1 provides:

No person is eligible to a county, district or precinct office who at the time of his election is not an elector of such county, district or precinct . . . . .

From the foregoing it can be seen defendants are all residents and electors of the county precinct for which they have filed for elective office. They are, therefore, entitled to have their names properly placed on the upcoming primary election ballot.